| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHARLES RASHID MALIK LEE,<br><br>　　　　　　　　Defendant. | Case No. 3:21-cr-00117-TMB-SAO<br><br>ORDER ON GOVERNMENT'S MOTION<br>*IN LIMINE*<br>(DKT. 123) |

## I.　INTRODUCTION

The matter comes before the Court on Plaintiff United States of America's (the "Government") Motion *in Limine* (the "Motion").[1] Defendant Charles Rashid Malik Lee opposes the Motion.[2] Oral argument was not requested and was not necessary to the Court's determination. For the following reasons, the Government's Motion at Docket 123 is **GRANTED in part and DENIED in part**.

## II.　BACKGROUND

On December 15, 2021, the Government filed an Indictment charging Lee with Possession of Controlled Substances with Intent to Distribute (Count 1),[3] Possession of Firearms in Furtherance of Drug Trafficking Crime (Count 2),[4] and Felon in Possession of Firearms and Ammunition (Count 3).[5] The Indictment also contains two criminal forfeiture allegations.[6] Trial

---

[1] Dkt. 123 (Motion).
[2] Dkt. 133 (Opposition).
[3] *See* 21 U.S.C. § 841(a)(1), (b)(1)(A)–(B).
[4] *See* 18 U.S.C. § 924(c)(1)(A)(i).
[5] Dkt. 2 (Indictment); *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2).
[6] Dkt. 2; *see* 21 U.S.C. § 853; 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(a).

1

begins on July 17, 2023.[7] The Court anticipates a bifurcated trial after reaching verdicts on Counts 1 and 2.

In the Motion, the Government asks the Court to (1) preclude evidence and argument designed to elicit jury nullification; (2) preclude evidence and argument related to potential punishment; (3) preclude evidence and argument about the lawfulness of the search of Lee's residence; and (4) permit evidence of "other acts" pursuant to Federal Rule of Evidence ("Rule") 404(b).[8]

Lee opposes the Motion, arguing that the Court should: (1) deny the Government's request to preclude evidence and argument designed to elicit jury nullification because it lacks specificity; (2) deny the Government's request to preclude discussion of potential punishment because "it is overly broad and unfairly prejudicial"; and (3) deny the Government's introduction of Lee's "other acts" pursuant to Rule 404(b).[9] Lee did not oppose the Government's third request to preclude evidence and argument about the lawfulness of the search of Lee's residence.

### III. LEGAL STANDARD

#### A. *Motions in Limine*

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[10] and may be used to request evidence be either excluded or admitted before trial.[11] Motions *in limine* are appropriate when the "mere mention of evidence during trial

---

[7] Dkt. 119 (Trial Scheduling Order).
[8] *See generally* Dkt. 123.
[9] *See generally* Dkt. 133.
[10] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21, 2011); *Rsch. Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[11] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

2

would be highly prejudicial."[12] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[13]

Motions *in limine* "should not be used to resolve factual issues or weigh evidence."[14] A court's rulings on motions *in limine* are provisional and may be reconsidered during the course of trial.[15] A denial of a motion *in limine* merely means that the court is unable to determine whether the evidence should be excluded outside of the context of trial.[16] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[17]

### B. *Rules 401, 402, 403, and 404*

The relevance and admissibility of evidence at trial is governed in part by Rules 401, 402, and 403. Evidence is relevant under Rule 401 if it has "any tendency to make a material fact more or less probable" and if it is "of consequence in determining the action." Rule 402 provides that relevant evidence is admissible unless otherwise excluded by the evidentiary rules, a federal statute, or the Constitution; irrelevant evidence is not admissible.[18] Under Rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of

---

[12] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (similar).
[13] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).
[14] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[15] *Barnard*, 2011 WL 221710, at *2 (citing, *inter alia*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000)); *Research Corp.*, 2009 WL 2971755, at *2 (same).
[16] *Barnard*, 2011 WL 221710, at *2; *BNSF*, 2010 WL 4534406, at *1; *Research Corp.*, 2009 WL 2971755, at *2.
[17] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Rsch. Corp. Techs.*, 2009 WL 2971755, at *1 (citations omitted).
[18] Fed. R. Evid. 402(a)–(b).

3

"unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As a general rule, Rule 404(b)(1) provides that evidence of a person's prior crimes, wrongs, or acts are inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[19] "The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged."[20] However, because such evidence may be highly relevant, Rule 404(b)(2) provides that evidence of a person's prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[21] To introduce evidence under Rule 404(b), the Government must prove that the proposed evidence satisfies four requirements:

> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) … the act is similar to the offense charged (similarity).[22]

But even under this circumstance, "[t]he use of such evidence must be narrowly circumscribed and limited."[23]

If the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

---

[19] Fed. R. Evid. 404(b)(1); *see also United States v. Charley*, 1 F.4th 637, 645 (9th Cir. 2021) (quoting *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020)).
[20] *Charley*, 1 F.4th at 647.
[21] Fed. R. Evid. 404(b)(2).
[22] *Charley*, 1 F.4th at 647.
[23] *Id.* (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)).

wasting time, or needlessly presenting cumulative evidence."[24] Trial courts have discretion to limit or exclude evidence under Rules 402 and 403.[25]

## IV. DISCUSSION

### A. Motion to preclude argument and evidence designed to elicit jury nullification

The Government asks the Court to "preclude [Lee] from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification."[26] The Government states that although it is "unable to anticipate each form of 'jury nullification' argument or evidence" sought at trial, it recognizes "two common examples of jury nullification," including: (1) selective or vindictive prosecution[27] and (2) an "outrageous government conduct" defense.[28] The Government requests that, should Lee "elicit evidence or argue" that the Government participated in either of these examples of jury nullification, Lee "must first address the matter with the Court."[29]

Lee opposes, stating that the Government has failed to specify "what evidence the defense might seek to introduce."[30] Due to this lack of specificity, Lee contends that he "cannot meaningfully respond" and the Court should deny the request.[31]

The Court agrees with the Government that, at trial, it is improper for any party to suggest that the jury should acquit *even if* it finds the Government has met its burden of proof.[32] In

---

[24] *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).
[25] *United States v. Scholl*, 166 F.3d 964, 971 (9th Cir. 1999).
[26] Dkt. 123 at 2 (citing *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)).
[27] Dkt. 123 at 2–6.
[28] *Id.* at 3–6.
[29] *Id.* at 5–6.
[30] Dkt. 133 at 1.
[31] *Id.*
[32] S*ee, e.g.*, *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008).

5

consequence, a judge may bar any party from engaging in inflammatory actions, such as jury nullification, and may also "instruct the jury on the dimensions of their duty to the exclusion of jury nullification."[33] First, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution[,]" and is a question of law.[34] Second, outrageous Government or prosecutorial conduct is also a question of law, and because it not a defense to criminal prosecution, it is not a matter for the jury.[35]

For these reasons, the Court **GRANTS** the Government's request to preclude argument or evidence designed to elicit jury nullification, such as the argument or evidence of selective or vindictive prosecution or outrageous government conduct. In the event Lee wishes to interject evidence or arguments that threaten jury nullification at trial, he must address any potential issues with the Court first.

## B. *Motion to preclude argument or evidence of potential punishment*

The Government moves to preclude "any reference by the defense," made during "all phases of trial[,]" to Lee's "potential sentence if convicted."[36] The Government reasons that "[i]t has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."[37] Lee opposes, arguing that this request is "overbroad and unfairly prejudicial," and would bar Lee "from rebutting any argument by the [G]overnment offered to

---

[33] *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (citing *United States v. Trujillo*, 714 F.2d 102, 105–06 (11th Cir. 1983)).
[34] *United States v. Armstrong*, 517 U.S. 456, 463 (1996).
[35] *See United States v. McQuin*, 612 F.2d 1193, 1196 (9th Cir. 1980); *United States v. Sotelo-Murillo*, 887 F.2d 176, 182 (9th Cir. 1989); *see United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995).
[36] Dkt. 123 at 6.
[37] *Id.* (citing *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992)).

6

establish that he possessed all the contraband at issue."[38] Additionally, Lee argues that any such preclusion would interfere with Lee's "argument and defense against [any sentencing] enhancement being sought by the government."[39]

Here, the Court agrees with the Government that the discussion of potential sentencing enhancements or punishments is not within the jury's domain. Caselaw on this issue is clear:

> The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.[40]

Indeed, the 2022 Ninth Circuit Model Jury Instruction 6.22 follows this rationale, stating: "The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." Lee's argument that he "cannot compellingly show the jury why it is very important for them to determine whether he is accountable for all, part or none of the contraband," is misplaced. Discussion of Lee's potential punishment is relevant if and only if the Government has met its burden and the case proceeds to the sentencing phase. Any discussion related to Lee's potential punishment at trial may compromise the verdict and confuse the issues for the jury. Further, limiting such discussions does not curtail Lee's ability to counter the Government's evidence related to any contraband found in Lee's possession.

---

[38] Dkt. 133 at 2.
[39] *Id.*
[40] *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962)); *see also Rogers v. United States*, 422 U.S. 35, 40 (1975); *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984).

The Court therefore **GRANTS** the Government's motion and prohibits the parties from referencing any potential punishment during any portion of trial.

C. *Motion to bar the argument that law enforcement's entry into and search of Lee's residence and vehicle was unlawful*

The Government also seeks to bar any argument that "law enforcement lacked probable cause to search the defendant's residence and vehicle or that the search warrant was otherwise defective."[41] Lee does not oppose this request.[42]

The issue of search warrant validity in this case has already been "exhaustively litigated," with the Court ultimately finding that the search of Lee's residence and vehicle complied with the requirements of the Fourth Amendment.[43] As these considerations are matters of law, it is inappropriate for the jury to consider whether the search warrants at issue are lawful or whether the government agents carrying out the warrants acted with impropriety.[44] Accordingly, the Court **GRANTS** the Government's request to preclude any argument designed to re-litigate the validity of the search warrants of Lee's residence and vehicle.

D. *Motion to introduce evidence of Lee's prior drug trafficking under Rule 404(b)*

The Government also seeks "to introduce evidence regarding the defendant's prior drug trafficking."[45] In particular, the Government requests to introduce law enforcement testimony related to Lee's surveilled conduct at an Arby's and Walgreens parking lot, respectively, on August 31, 2021.[46] The Government contends that law enforcement observed Lee behaving in a

---

[41] Dkt. 123 at 7.
[42] *See generally* Dkt. 133 (absence).
[43] *See, e.g.*, Dkt. 117 (Order Adopting and Accepting Final R&R).
[44] *See Sotelo-Murillo*, 887 F.2d at 182 ("Whether the government's conduct is sufficiently outrageous to violate due process is a question of law. . . . It is not an issue for the jury . . . ."); *see also United States v. Abushi*, 682 F.2d 1289, 1302 (9th Cir. 1982).
[45] Dkt. 123 at 9.
[46] *Id.*

manner "consistent with drug trafficking," behavior which is relevant under Rule 401 and "fall[s] within the scope of Rule 404(b).[47] The Government argues that the Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics."[48]

Specifically, the Government asserts that these law enforcement observations serve as evidence that Lee "received and distributed controlled substances mere months after being found in possession of large quantities of methamphetamine and a firearm" and are "probative of his of intent, knowledge, motive, opportunity, and absence of mistake or accident" in this case.[49] Likewise, according to the Government, the proximity in time and similarity between the conduct charged and Lee's "other act" of possessing and distributing heroin in August, "support[] admitting evidence of the August transactions."[50] However, the Government clarifies that when "such evidence is admitted, the court may give proper limiting instructions that the jury may only consider the prior evidence for evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[51]

In opposition, Lee contends that the "other acts" in the cases cited by the Government were "established prior convictions" and should be distinguished from the "other acts" in this case,

---

[47] *Id.*
[48] *United States v. Lozano*, 623 F.3d 1055, 1060–61 (9th Cir. 2010) (finding that "[t]he evidence of [defendant's] prior possession or sale of narcotics was material to issues of knowledge and intent with respect to drug distribution."); *see also Vo*, 413 F.3d at 1019 (affirming the introduction of defendant's 13-year-old drug conviction as evidence of "knowledge of drug trafficking and distribution in general").
[49] Dkt. 123 at 11–12.
[50] *Id.*
[51] *Id.* at 11 (citing *United States v. Chea*, 231 F.3d 531, 535 (9th Cir.2000)).

9

which are merely law enforcement surveillance observations.[52] Lee argues that "law enforcement agents concluded without ever establishing that [he] possessed heroin in August" and their observations are "based on speculation and not an established prior conviction."[53] In support of his position, Lee references *United States v. Valencia-Lopez*, arguing that law enforcement's observations of Lee lack reliability and "go[] beyond generalized opinions that the [G]overnment can make and that courts have tended to accept."[54]

As a threshold matter, the Court concludes that the law enforcement testimony the Government seeks to introduce is relevant under Rule 401. Lee's surveilled conduct—visiting the cars of two individuals in two separate parking lots, among other actions—renders Lee's participation in drug distribution in this case more probable than it would be without this evidence.[55]

The Court next turns to whether Lee's "other acts" may be introduced to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[56] First, the evidence proposed by the Government tends to prove a material point, showing that Lee engaged in behavior consistent with drug distribution. Second, these "other acts" were not too remote in time, occurring approximately two months before the search of Lee's residence and vehicle.[57] Third, the Court concludes that the Government has met the "sufficiency" requirement. The Government "need not prove Rule 404(b) evidence by a preponderance of the

---

[52] Dkt. 133 at 2–3.
[53] *Id.*
[54] 971 F.3d 891 (9th Cir. 2020); Dkt. 133 at 4.
[55] *See* Fed. R. Evid. 401.
[56] Fed. R. Evid. 404(b)(2).
[57] *See Lozano*, 632 F.3d at 1059–60 ("The evidence of [Defendant's] prior possession or sale of narcotics . . . was not too remote in time because the search occurred merely eight months before the charged offense[.]"); *see, e.g.*, Dkt. 117 at 1 (Order Accepting and Adopting R&R).

10

evidence; rather, 'such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act.'"[58] Indeed, the "reliability threshold is not a high one, and the testimony of a single witness can be sufficient."[59] Recognizing this low threshold, the Court concludes that the Government's proposed law enforcement testimony regarding Lee's surveilled conduct is sufficient.

Nevertheless, fourth, the Court concludes that the Government has not demonstrated that the "other acts" are similar enough to the offense charged. In his opposition, Lee appears to reference *Valencia-Lopez* to question the reliability of the proposed testimony. Although Lee's use of this case is misguided, it brings into question whether there is admissible evidence showing Lee's surveilled behavior is sufficiently similar to Lee's charged offense.[60]

In *Valencia-Lopez*, the Ninth Circuit took issue with the reliability of an expert's *modus operandi* testimony and concluded that the Government failed to ensure the reliability of the expert opinions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[61] and *Kumho Tire Co. v. Carmichael*.[62] Although this case did not consider admissibility under 403(b), it raises a relevant point. Here, the Government states that law enforcement "witnesses will testify that [Lee's] interactions [are] consistent with drug trafficking."[63] However, the Government has not yet demonstrated how it seeks to introduce testimony regarding the nature and characteristics of drug

---

[58] *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *Huddleston v. United States*, 485 U.S. 681, 685 (1988)) ("[T]here must have been sufficient evidence from which the jury could reasonably conclude that [Defendant] actually committed the allegedly-similar bad acts.").
[59] *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997) (citing *United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994) ("[W]e are not persuaded that where a witness testifies as to the defendant's prior bad acts, the jury must be presented with evidence corroborating the witness' testimony to satisfy the 'low threshold required by [this] part . . . of the test.'").
[60] 971 F.3d 891 (9th Cir. 2020).
[61] 509 U.S. 579 (1993).
[62] 526 U.S. 137 (1999).
[63] Dkt. 123 at 9.

11

trafficking interactions and how it relates to these observations. Although a portion of the Government's proposed witness testimony would fall outside of the purview of expert testimony—namely any direct observations of Lee—any comparisons made to drug trafficking behavior would require an expert opinion and requires closer scrutiny by the Court.[64]

In addition, the Court takes note of the possibility that the probative value of the Government's proposed testimony may be substantially outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[65] Evidence regarding Lee's previous behavior that may be linked to drug distribution has the potential to be highly prejudicial; without more information regarding the probative value of this testimony and the credentials of the witnesses slated to testify, the Court is hesitant to allow its admission for the purpose of establishing Lee's possible intent, knowledge, motive, opportunity, and absence of mistake in drug distribution activities.

Because of the foregoing issues related to both the danger of "unfair prejudice" and the "similarity" requirement, the Court **DENIES without prejudice** the Government's request to introduce testimony under Rule 404(b) at this time.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion *in Limine* at Docket 123 is **GRANTED in part and DENIED in part as follows:**

- The Court **GRANTS** the Government's request to preclude evidence and argument designed to elicit jury nullification;

---

[64] The Court does not generally permit percipient witnesses to also act as expert witnesses.
[65] Fed. R. Evid. 404(b)(2); Fed. R. Evid. 402(a)–(b); Fed. R. Evid. 403.

- The Court **GRANTS** the Government's request to preclude evidence and argument related to potential punishment;
- The Court **GRANTS** the Government's request to preclude evidence and argument concerning the lawfulness of the search Lee's residence and vehicle; and
- The Court **DENIES without prejudice** the Government's request to permit evidence of "other acts" under Rule 403.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 12th day of July, 2023.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE