# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Charles Rashid Malik Lee*
Case No. 3:21-cr-00117-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Charles Rashid Malik Lee's Motion to Accept Defendant's Late Filed Motion to Compel Discovery (the "Motion").[1] Lee advises he did not seek the Government's position regarding the late filing.[2] For the following reasons, the Court denies the Motion.

In Lee's Motion to Compel Discovery, he requests that the Court order the Government to produce "complete discovery (to include policy, authority, records and equipment regarding all surveillance)" pursuant to *Brady v. Maryland* and Federal Rule of Criminal Procedure ("Rule") 16.[3] Lee suggests that "[b]ased on the [aerial surveillance footage,] Agent Nelson's testimony on July 19[,] 2023, and other discovery," law enforcement's surveillance efforts violate Lee's Fourth and Fifth Amendment rights.[4]

Despite having had numerous opportunities in the past year and a half to bring these claims, Lee failed to do so. The first opportunity arose when defense counsel became aware of the aerial surveillance of Lee, which the record indicates was as early as January 26, 2022, when the Government discovered to Lee multiple instances of aerial footage taken in September and October of 2021.[5] Another opportunity was presented when Lee filed a Motion to Suppress on March 21, 2022,[6] and a second Motion to Suppress "Based On: Franks Violation And, Overbroad Search Warrant And Stale Information" on August 29, 2022. And the Court provided yet a third opportunity when it allowed Lee to file any further motions during trial on July 19, 2023. Lee has therefore had multiple opportunities and substantial time to make the arguments he raises for the first time, in the middle of trial, in the Motion to Compel Discovery.

---

[1] Dkt. 184 (Motion to Accept Late Filed Motion to Compel Discovery).
[2] *Id.* at 1.
[3] *Id.* at 1.
[4] *Id.* at 3.
[5] Dkt. 175 (Government's Response to Motion to Suppress) at 4-5.
[6] Dkt. 21 (Motion to Suppress).

1

The proper time for Lee to raise these arguments was before trial commenced, or, at the latest, by the July 19, 2023 deadline the Court set during trial.[7] Therefore, the Court finds the Motion to Compel Discovery is untimely. Although the Court is permitted to consider an untimely discovery motion if the moving party shows good cause,[8] Lee has failed to make such a showing here.

Accordingly, the Court **DENIES** the Motion at Docket 184. Consequently, the Motion to Compel at Docket 183 is **NOT ACCEPTED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 23, 2023.

---

[7] *See* Fed. R. Crim. P. 16(b)(3)(E) (providing that discovery requests "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits").
[8] *See* Fed. R. Crim. P. 16(c)(3).