IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Charles Rashid Malik Lee*
Case No. 3:21-cr-00117-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Charles Rashid Malik Lee's "Motion to Alter Judgment" (the "Motion").[1] Pursuant to Local Criminal Rule ("L. Crim. R.") 47.1(g)(1), the Court requested a Response from the United States of America (the "Government") who opposes the Motion.[2] For the reasons discussed below, the Motion is **DENIED**.

**Background**

Lee was charged by indictment with one count of Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B); one count of Possession of Firearms in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of Felon in Posssession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[3] On July 25, 2023, a jury found Lee guilty on all three counts.[4]

On July 27, 2023, Lee moved for a new trial.[5] This Court denied Lee's motion for a new trial, issuing an order including detailed findings and procedural history which this Court adopts and incorporates herein.[6]

**Lee moves for reconsideration**

Before the Court is Lee's Motion to "alter the judgment" denying the new trial, citing Federal Rules of Civil Procedure 52 and 59(e).[7] The Court construes the Motion as a motion for reconsideration under L. Crim. R. 47.1(g)(1).[8] Under L. Crim. R. 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law." Under Ninth Circuit law, a motion to reconsider is an

---

[1] Dkt. 212 (Motion to Alter Judgment).
[2] Dkt. 214 (Response in Opposition to Motion to Alter Judgment).
[3] Dkt. 1 (Sealed Indictment) at 1.
[4] Dkt. 203 (Jury Verdict) at 1–7.
[5] Dkt. 205 (Motion for New Trial).
[6] Dkt. 211 (Order on Motion for New Trial).
[7] Dkt. 212.
[8] *See* Dkt. 213 (Order Directing Government Response Pursuant to Local Criminal Rule 47.1(g)(3)).

1

"extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[9]

Lee's arguments all rest on the unsupported premise that the aerial surveillance footage "clearly establishes that Miller never accessed his vehicle before returning to Lee's car," contradicting the factual basis for the search warrant.[10] Therefore, Lee alleges, Federal Bureau of Investigation ("FBI") Special Agent ("SA") Katherine Nelson's affidavit in support of the search warrant of Lee's residence must have been tainted by a false statement.[11] Lee argues that: (1) the Court should have applied the collective knowledge doctrine to determine whether false statements from the entire investigative team were included in SA Nelson's affidavit; (2) the Court erred in concluding that the aerial footage lacked visual clarity; (3) the Court erred in concluding that any inconsistencies in the affidavit could have been mistaken observations; and (4) excluding the challenged statements from the affidavit would render the search warrant unsupported by probable cause.[12] The Government responds that: (1) Lee's suggested interpretation of the collective knowledge is legally and factually unsupported; (2) the Court did not err in concluding that the aerial footage was visually unclear given the video's "visual obstructions and the speed of the interaction"; (3) the Court did not err in finding that inconsistencies in the affidavit could have been mistaken observations, absent any evidence that any member of the search team recklessly or deliberately misled SA Nelson; and (4) probable cause supported the warrant even if the challenged statements were excluded.[13] The Court construes Lee's arguments as being made under L. Crim. R. 47.1(g)(1)(A), "manifest error of the law or fact."

### 1. *The collective knowledge doctrine does not apply as argued*

First, Lee argues that the Court erred as a matter of law by not applying the collective knowledge doctrine[14] to ensure that "other members of the surveillance team did not intentionally or recklessly include the false statement."[15] The Court did not err in its application of law or fact. The record contains no evidence that any member of the surveillance team misled SA Nelson, either recklessly or intentionally.[16] Lee points to no new evidence that might give rise to such a conclusion. Further,

---

[9] *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029, 2014 WL 12526313 at *1 (D. Alaska March 28, 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 944–45 (9th Cir. 2003)); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).
[10] Dkt. 212 at 2–3.
[11] *Id.*
[12] Dkt. 212 at 1–4.
[13] Dkt. 213 at 1–5.
[14] The collective knowledge doctrine "allows courts to impute police officers' collective knowledge to the officer conducting a stop, search, or arrest" in two general situations. *United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010). First, it applies "where law enforcement agents are working together in an investigation but have not explicitly communicated the facts each has independently learned," and second, it applies "where an officer . . . with direct personal knowledge of *all* the facts necessary to give rise to reasonable suspicion . . . directs or requests that another officer . . . conduct a stop, search or arrest." *Id.*
[15] Dkt. 212 at 2.
[16] *See* Dkt. 211 at 16.

2

the Court notes that Lee incorrectly applies the collective knowledge doctrine. It "cannot be used to impute to an officer 'facts known to some members of the police force which exonerate an arrestee.'"[17] And "[c]ertainly, one cannot establish that an officer engaged in 'conduct undertaken in bad faith,' simply by presenting evidence of another officer's knowledge or state of mind."[18] Thus, even assuming that Miller did not bring a bag into Lee's vehicle and that some other member of the surveillance team knew this fact, the Court cannot simply conclude that SA Nelson had that same knowledge and made reckless or intentional misrepresentations in her affidavit. The Court declines Lee's invitation to adopt legal error by imputing other officers' mental states to SA Nelson.

### 2. *Video clarity is not a material issue*

Second, Lee asserts that the Court erred in finding that "perhaps due to the recording's lack of visual clarity, it is not apparent that Miller had a bag in his hand between the two vehicles."[19] Lee contends that contrary to the Court's conclusion, the aerial footage had "sufficient visual clarity to observe the fact that Miller did not retrieve a bag from his car or even have a bag" such that "the false statements cannot be justified . . . on the basis of a lack of visual clarity."[20] The Court's finding was not a manifest error of fact. The Court determined that, given the video quality of the aerial footage, there was no way to establish whether Miller retrieved a bag from his vehicle and transported it to Lee's vehicle.[21] The Court also determined that one reasonable interpretation of the footage is the officers' inference that Miller transferred an item to Lee.[22] In so finding, it concluded that the surveillance team's theory was plausible.[23] Given that there is no manifest error of fact, the Court declines to grant reconsideration on this basis.

### 3. *The record does not establish a Franks violation*

Third, Lee contends that the Court erred in concluding that "there is no indication that this falsity was anything but a mistaken observation made by the ground surveillance team."[24] Lee asserts that "it cannot reasonably be concluded that the false statement was not intentional or simply a mistaken observation" because "[t]he court never established who on the surveillance team came up with the false statement or how or why."[25] The Court's conclusion was not a manifest error.

---

[17] *Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003).
[18] *Id.* at 74; *see also Villasenor*, 608 F.3d at 476 ("Just as we would not permit the government to comb its collective files to establish probable cause or reasonable suspicion, we decline to indulge [the defendant's] effort to assemble everything known by [border agents] in an effort to show that [one agent] knew too much.").
[19] Dkt. 212 at 2.
[20] Dkt. 212 at 2–3.
[21] Dkt. 211 at 16.
[22] Dkt. 211 at 16–17.
[23] Dkt. 211.
[24] Dkt. 212 at 3.
[25] Dkt. 212 at 3.

The Court held a *Franks* hearing in November 2022,[26] and reopened the *Franks* hearing with another proceeding on July 20, 2023.[27] The Court also granted a trial continuance to remedy the late disclosure of the aerial footage, allowing Lee four additional days to review the footage before recommencing trial on July 24, 2023.[28] The burden in a *Franks* hearing is on the defendant.[29] Because Lee failed to point to any evidence in the record constituting a *Franks* violation, the Court could only conclude that the record did not establish a *Franks* violation.

### 4. *The challenged statements do not cast doubt on the search warrant's validity* \

Finally, Lee suggests that if the challenged statements were excluded, probable cause would not support the warrant. The Court disagrees. The Court previously recognized several sources in SA Nelson's affidavit supporting probable cause beyond the statements Lee challenges:

> 1. The extensive intercepted communication between McGranahan and Voss regarding the sale of narcotics;
> 2. Voss's communications with Miller immediately following and preceding his communications with McGranahan;
> 3. The intercepted communication between Miller and Lee coordinating a meeting;
> 4. The rendezvous between Miller and Lee in an Arby's drive-thru, where neither purchased any food after an extended wait in line at the drive-thru; and
> 5. Lee's activity in the Walgreens parking lot with an unknown driver, consistent with narcotics activities.[30]

Therefore, even if Lee is correct that the affidavit does not establish the details of the conversation from the phone call with Lee, the Court is not convinced that alters the showing of probable cause. Observing no manifest error of law or fact, the Court declines to grant reconsideration on this basis.

Having reviewed the briefing in this matter and considering the record before it, the Court concludes reconsideration of its Order denying a new trial is not warranted because Lee has failed to show a manifest error of law or fact. Therefore, the Motion at Docket 212 is DENIED.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 2, 2023.

---

[26] *See Franks v. Delaware*, 438 U.S. 154 (1978); Dkt. 155 (Memorandum Opposing Mistrial); Dkt. 156 (Motion for Continuance).
[27] Dkt. 165 (Text Order); Dkt. 169 (Trial Day 4, July 19, 2023, Transcript); Dkt. 170 (Minute Entry).
[28] Dkt. 180 (Text Order).
[29] *United States v. DeLeon*, 955 F.2d 1346, 1348 (9th Cir. 1992) (citing *Franks*, 438 U.S. at 156).
[30] Dkt. 211 at 19

4