# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Charles Malik Lee*
Case No. 3:21-cr-00117-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant Charles Lee's Motion to Compel Production of Discovery (the "Motion").[1] The Government has moved for an extension of time to file a Response.[2]

On February 22, 2024, Lee filed a Notice of Appeal from the Judgment and sentence imposed by the Court on February 13, 2024.[3] On November 18, 2024, the Ninth Circuit granted Lee's request to stay appellate proceedings until January 21, 2025, stating that "[i]f no motion for further relief is filed" before that date then the appellate briefing schedule would be reset.[4] Lee now moves this Court to compel discovery "of statements and communications by persons employed by the Alaska U.S. Attorney's office regarding their knowledge of misconduct by former Judge Joshua Kindred."[5]

Generally, a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" because "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."[6] Further, Federal Rule of Criminal Procedure 37 provides "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may[] . . . deny the motion."[7]

Lee's Notice of Appeal conferred jurisdiction over his case to the Ninth Circuit and divested this Court of its jurisdiction. For that reason, the Motion at Docket 270, and related Motion for Extension of Time to File a Response at Docket 271 and Motion to Expedite Consideration at

---

[1] Dkt. 270 (Motion to Compel).
[2] Dkt. 271 (Motion for Extension of Time); Dkt. 272 (Motion to Expedite Unopposed Motion for Extension of Time).
[3] Dkt. 245 (Notice of Appeal).
[4] Dkt. 269 (Order of USCA).
[5] Dkt. 270 at 1.
[6] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curium); *see also United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001).
[7] Fed. R. Crim. P. 37(a)(2).

1

Docket 272, are **DENIED without prejudice**. The matter may be raised again if the Ninth Circuit Court of Appeals remands for that purpose.[8]

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 5, 2025.

---

[8] See Fed. R. Crim. P. 37(c).